UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
WEI YE                          )
      Petitioner                )
                                )
v.                              )            CIVIL ACTION
                                )            NO. 04-11590-NG
LUIS SPENCER                    )
      Respondent                )
_____)
```

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

Luis Spencer, the respondent, submits this memorandum in support of his motion to dismiss, with prejudice, Wei Ye's habeas corpus petition. As grounds, the respondent states that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). In light of the application of § 2244(d)(1), the respondent does not address the merits of the petition or raise his remaining defenses.[1]

**PRIOR PROCEEDINGS**

On January 29, 1998, a Middlesex County grand jury returned indictments charging the petitioner, Wei Ye, with one count each of armed home invasion (Mass. G.L. c. 265, § 18C) and armed robbery while masked (Mass. G.L. c. 265, § 17); and three counts each of kidnapping (Mass. G.L. c. 265, § 26), assault with a dangerous weapon (Mass. G.L. c. 265, § 15B), and assault and battery (Mass. G.L. c. 265, § 13A). *See* [Supplemental Appendix ("S.A.") 1-6]. The Commonwealth tried the petitioner before Superior Court Judge Charles Spurlock and a jury from October 20, 1998 through October 23, 1998. [S.A. 3-4]. The jury convicted the petitioner,

---

[1] Should the Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses.

2

as charged, on all counts. [S.A. 3-4]. On October 26, 1998, Judge Spurlock sentenced him as follows: on count one, armed home invasion, a committed state prison term of thirty years to thirty years and one-day; on counts two through four, the masked armed robbery and kidnapping convictions, committed, concurrent state prison terms of ten years to ten years and one-day, to be served concurrently with his sentence on count one; on counts five through eight, the assault with a dangerous weapon convictions, committed, concurrent state prison terms of five years to five years and one-day, to be served concurrently with his sentence on count one. [S.A. 3-4]. After obtaining the petitioner's consent, Judge Spurlock placed the petitioner's convictions for assault and battery on file.[2] The petitioner appealed his sentences to the Appellate Division of the Superior Court,[3] which reduced his sentence on count one to twenty-five to thirty years and affirmed the remaining sentences. [S.A. 4-5].

The petitioner subsequently appealed his convictions to the Massachusetts Appeals Court, which affirmed them on August 27, 2001. *See Commonwealth v. Ye*, 52 Mass. App. Ct. 390, 754 N.E.2d 86 (2001). He then applied for further appellate review in the Supreme Judicial Court for the Commonwealth ("SJC"). That court denied the petitioner's application on November 28, 2001. *See Commonwealth v. Ye*, 435 Mass. 1107, 761 N.E.2d 964 (2001).

---

[2] "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the conviction be placed on file." *Commonwealth v. Delgado*, 367 Mass. 432, 437-438, 326 N.E.2d 716, 719 (1975). The effect of placing a conviction or guilty plea on file is that no appeal may be taken because the judgment is not complete in a criminal case until a sentence is imposed. *Id.*

[3] The Appellate Division of the Superior Court is charged with reviewing sentences to the state prison imposed by final judgments in criminal cases. *See* Mass. G.L. c. 278, § 28A.

3

On February 8, 2002, the petitioner, acting *pro se*, filed a petition pursuant to Mass. G.L. c. 211, § 3, in the Supreme Judicial Court for Suffolk County ("single justice") seeking relief from his convictions. *See Ye v. Commonwealth*, 441 Mass. 1010, 1010, 805 N.E.2d 956, 956 (2004) (No. SJ. 2002-0059). [S.A. 7-8]. When that court denied him relief on May 10, 2002, *see* [S.A. 7-8], he appealed to the full bench of the SJC. The SJC affirmed the judgment, denying the petitioner relief on April 1, 2004. *See Ye v. Commonwealth*, 441 Mass. at 1011, 805 N.E.2d at 956. The petitioner took no further action until July 16, 2004, when he filed the petition now before this Court.

## ARGUMENT

"AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period for federal habeas petitions filed by state prisoners." *David v. Hall*, 318 F.3d 343, 344 (1st Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003). In the absence of a statutory exception,[4] "AEDPA's one-year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking it." *Id.* at 344 (citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "'[t]he time during which a properly filed application for State post-conviction or other collateral review is pending. . . .'" *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (alterations in original).

In this case, the SJC denied further appellate review of the petitioner's direct appeal on November 28, 2001. *See Commonwealth v. Ye*, 435 Mass. 1107, 761 N.E.2d 964 (2001). Once the ninety-day period for seeking certiorari expired on February 26, 2002, his conviction became

---

[4] These exceptions exist in cases where the government impedes relief, the Supreme Court creates new constitutional rights, or newly discovered facts raise doubts about the conviction. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

4

final. *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). The petitioner did not file his habeas corpus petition until July 16, 2004. *See* Docket, Entry No. 1. While this two-plus year delay would typically render the petitioner well beyond the statute of limitations, *see* 28 U.S.C. § 2244(d)(1) (imposing one-year statute of limitations on habeas corpus cases), the case is complicated by the fact that he petitioned the single justice for extraordinary relief on February 8, 2002. *See* [S.A. 7-8]. That case did not become final until April 1, 2004, when the SJC affirmed the single justice's denial of relief. *See Ye*, 441 Mass. at 1011, 805 N.E.2d at 956.[5] The question presented by this case is whether a petition filed pursuant to Mass. G.L. c. 211, § 3, constitutes an "application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). The Court should rule that it does not.

A state proceeding constitutes an application for "post-conviction or collateral review" if -- and only if -- state law considers the proceeding a proper method for challenging a criminal conviction. *See Voravongsa v. Wall*, 349 F.3d 1, 5-7 (1st Cir. 2003), *cert. denied*, ___ U.S. ___, 124 S. Ct. 1724 (2004). That a petition filed pursuant to Mass. G.L. c. 211, § 3, is not an "application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), is made plain by the SJC's opinion in the petitioner's case:

> The issues cited in Ye's petition either were raised, or could have been raised in his direct appeal. *E.G., Hines v. Superior Court*, 423 Mass. 1005, [668 N.E.2 323], *cert. denied*, 519 U.S. 984 (1996). Where, as here, a "petitioner has both pursued and

---

[5] A habeas corpus petitioner is not entitled to an additional ninety-day period during which he could have, but did not, seek certiorari in the Supreme Court from the denial of collateral remedies. *David v. Hall*, 318 F.3d 343, 345 (1st Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003).

5

> exhausted available appellate remedies . . . [G.L.] c. 211, § 3, does not provide the petitioner with the right to further consideration of the same issues." *Clark v. Commonwealth*, 437 Mass. 1015, 1015 [771 N.E.2d 153] (2002).

*Ye*, 441 Mass. at 1011, 805 N.E.2d at 956.  The SJC can hardly be said to have broken new ground in its ruling as it did, as its citations to *Hines* and *Clark* make apparent.  *See also Jones v. Massachusetts Bay Transportation Authority*, 430 Mass. 1001, 1002 (1999) (extraordinary review of Mass. G.L. c. 211, § 3, should be invoked only when appellate review is otherwise unavailable).

In addition, the plain language of Mass. G.L. c. 211, § 3, dictates that it is not an appropriate vehicle for obtaining collateral review of a criminal conviction.  The first paragraph of the statute is applicable in situations where "no other remedy is expressly provided."  *Id.*  Plainly, this paragraph does not apply to the petitioner, who, prior to filing his petition pursuant to the statute, had exhausted his state appellate remedies, *Ye*, 441 Mass. at 1011, 805 N.E.2d at 956, and who could have, but opted against, obtaining collateral review of his convictions by filing a motion for a new trial, which may be done "at any time."  *See* Mass R. Crim. P. 30(b); *Commonwealth v. Lopez*, 426 Mass. 657, 662 (1998) ("Rule 30(b) motions . . . are considered collateral attacks on final decisions.").

Further, the second paragraph of Mass. G.L. c. 211, § 3, is also inapplicable to the petitioner's case.  That paragraph pertains to the SJC's "general superintendence of the administration of all courts of inferior jurisdiction."  *Id.*  It does not pertain to a petitioner who seeks collateral review of a judgment of conviction.  *See, e.g., Commonwealth v. Bastarache*, 382 Mass. 86, 102, 414 N.E.2d 984, 995 (1980) ("This court has both a constitutional and

6

statutory (G.L. c. 211, § 3) obligation to oversee the administration of justice in our courts."). For these reasons, the petitioner's filing of a petition pursuant to Mass. G.L. c. 211, § 3, did not amount to an "application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and did not toll the AEDPA's strict statute of limitations. As a result, this Court must dismiss the petition for a writ of habeas corpus with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of habeas corpus with prejudice.

> Respectfully submitted,
>
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
>
> /s/ Daniel I. Smulow
> Daniel I. Smulow, BBO # 641668
> Assistant Attorney General
> Criminal Bureau
> One Ashburton Place
> Boston, MA 02108
> (617) 727-2200, ext. 2949

Dated: September 13, 2004